IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | SEALED |
| | § | |
| V. | § | CRIMINAL NO. 6:12CR 27 |
| | § | JUDGE LED/JKG |
| PEDRO GONZALEZ III, (01) | § | |
| aka "Bibo" | § | |
| FRANCISCO YURIEL NAVA, (02) | § | |
| aka "Pastel" | § | |
| MANUEL ESAU MENDEZ, (03) | § | |
| aka "8 Ball" | § | |
| SERVANDO CABRALES (04) | § | |

**INDICTMENT**

THE UNITED STATES GRAND JURY CHARGES:

**COUNT ONE**

> Violation: 21 U.S.C. § 846
> (Conspiracy to possess with intent to distribute and distribution of less than 500 grams of a mixture or substance containing a detectable amount of cocaine)

From in or about December 2011, the exact date being unknown, and continuing thereafter, until at least the date of the return of this indictment, in the Eastern District of Texas and elsewhere, **Pedro Gonzalez, III, aka "Bibo," Francisco Yuriel Nava, aka "Pastel," Manuel Esau Mendez, aka "8 Ball,"** and **Servando Cabrales**, the defendants herein, did knowingly, intentionally, and unlawfully, combine, conspire, and confederate with others, unknown to the United States Grand Jury, to violate a law of the United States, to-wit, 21 U.S.C. § 841(a)(1), prohibiting the possession with intent to distribute

and distribution of approximately 200 grams of a mixture or substance containing a detectable amount of cocaine, Schedule II controlled substance.

In violation of 21 U.S.C. § 846.

### COUNT TWO

> Violation: 18 U.S.C. § 924(c)
> (Use, carrying and possession of a firearm during and in furtherance of a drug trafficking crime)

On or about December 19, 2011, in the Eastern District of Texas, **Manuel Esau Mendez, aka "8 Ball,"** the defendant herein, did knowingly and intentionally use, carry, and possess a firearm, specifically: a Norinco Model SKS 7.62 mm semi-automatic assault rifle, made in China, bearing serial number 1400395, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is possession with intent to distribute a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance, as charged in count 1 of this indictment, in violation of Title 21, United States Code, Section 846,

All in violation of Title 18, United States Code, Section 924(c)(1)(B).

## COUNT THREE

>Violation: 18 U.S.C. § 924(c)
>(Use, carrying and possession of a firearm during and in furtherance of a drug trafficking crime)

On or about January 14, 2012, in the Eastern District of Texas, **Manuel Esau Mendez, aka "8 Ball,"** the defendant herein, did knowingly and intentionally use, carry, and possess a firearm, specifically: a 7.62 mm pistol, manufacturer unknown, made in the former Czech Republic, bearing serial number M05225, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is possession with intent to distribute a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance, as charged in count 1 of this indictment, in violation of Title 21, United States Code, Section 846,

All in violation of Title 18, United States Code, Section 924(c)(1)(B).

## COUNT FOUR

>Violation: 18 U.S.C. § 924(c)
>(Use, carrying and possession of a firearm during and in furtherance of a drug trafficking crime)

On or about February 2, 2012, in the Eastern District of Texas, **Servando Cabrales**, the defendant herein, did knowingly and intentionally use, carry, and possess a firearm, specifically: a Smith and Wesson 9 mm pistol with an obliterated serial number and an Uzi Action Arms 9 mm semiautomatic submachine gun, made in Israel, bearing

serial number SA66543, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is possession with intent to distribute a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance, as charged in count 1 of this indictment, in violation of Title 21, United States Code, Section 846,

All in violation of Title 18, United States Code, Section 924(c)(1)(B).

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
### Pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853 and 28 U.S.C. § 2461

As the result of committing one or more of the foregoing offenses [21U.S.C. § 846] alleged in this indictment, the defendants herein shall forfeit to the United States pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853 and 28 U.S.C. § 2461:

1. any property constituting, or derived from, and proceeds the defendants obtained, directly or indirectly, as the result of such violations;

2. any of the defendants' property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations, and/or,

3. any and all firearms, ammunition and accessories seized from the defendants, including but not limited to the following:

**FIREARMS:**

(a) Norinco Model SKS 7.62 mm assault rifle, made in China, bearing serial number 1400395;
(b) 7.62 mm pistol, manufacturer unknown, made in the former Czech Republic, bearing serial number M05225; and
(c) Smith and Wesson 9 mm pistol with an obliterated serial number and an Uzi Action Arms 9 mm semiautomatic submachine gun, made in Israel, bearing serial number SA66543.

Indictment - Page 4

## CASH PROCEEDS:

$40,000 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is proceeds obtained directly or indirectly as a result of the commission of the aforesaid violations.

**Substitute Assets**

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants -

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with a third person;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property, including but not limited to all property, both real and personal owned by the defendants.

By virtue of the commission of the offenses alleged in this indictment, any and all interest the defendants have in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853 and 28 U.S.C. § 2461.

A TRUE BILL

_____
GRAND JURY FOREPERSON

JOHN M. BALES
UNITED STATES ATTORNEY

_____
RICHARD L. MOORE
Assistant United States Attorney
110 N. College, Suite 700
Tyler, Texas  75702
(903) 590-1400
(903) 590-1439 (fax)

_____March 8, 2012_____
Date

Indictment - Page 6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| V. | § | CRIMINAL NO. 6:12CR_____ |
| | § | JUDGE _____ |
| PEDRO GONZALEZ III, (01) | § | |
| aka "Bibo" | § | |
| FRANCISCO YURIEL NAVA, (02) | § | |
| aka "Pastel" | § | |
| MANUEL ESAU MENDEZ, (03) | § | |
| aka "8 Ball" | § | |
| SERVANDO CABRALES (04) | § | |

## NOTICE OF PENALTY

### COUNT ONE

    Violation:                    21 U.S.C. § 846 (Conspiracy to possess with intent to distribute and distribution of less than 500 grams of a mixture or substance containing a detectable amount of cocaine)

    Penalty:                      Imprisonment for a term of not more than 20 years, a fine not to exceed $1,000,000, or both. A term of supervised release of at least 3 years in addition to such term of imprisonment.

    Special Assessment:     $100.00

Indictment - Page 7

## COUNTS TWO - FOUR

| | |
|---|---|
| Violation: | 18 U.S.C. § 924(c) (Use, carrying and possession of a firearm during and in furtherance of a drug trafficking crime) |
| Penalty: | Imprisonment for a term of not less than 5 years nor more than life which must be served consecutively to any other term of imprisonment imposed on Count One, a fine not to exceed $250,000, or both. A term of supervised release of not more than 5 years in addition to such term of imprisonment.<br><br>In the case of a second or subsequent conviction of this offense, the term of imprisonment shall not be less than 25 years. |
| Special Assessment: | $100.00 |